IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02256-GPG

SHIROCCO MARQUISE WILLIAMS,

      Plaintiff,

v.

RENE GARCIA,
DEBORAH DENHAM,
MR. CURRAN,
RICHARD W. SCHOOT, and
MR. TUCKER,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Shirocco Marquise Williams, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution at Englewood (FCI-Englewood), located in Littleton, Colorado.  Plaintiff has filed a fifteen-page Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), with twenty-four pages of attachments.  He has paid the $400.00 filing fee.

      The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Prisoner Complaint and determined it is deficient.  For the reasons

discussed below, Plaintiff will be directed to file an amended Prisoner Complaint.

Plaintiff asserts two claims.  In his first claim, he alleges he placed an order on March 18, 2013, with the Edward R. Hamilton Bookseller Company for five paperback books totaling $34.25, and on April 9, 2013, he received a letter from Defendant, Rene Garcia, former FCI-Englewood warden, denying delivery of the five books as sexually explicit, and indicating that the books were returned to the publisher/sender.  Plaintiff contends the books should not have been returned to the bookseller company, which apparently never received them.  Plaintiff further alleges that Defendant, Mr. Curran, the FCI-Englewood mailroom clerk, submitted a mail recovery center search request to the United States Postal Service in search of the rejected and missing books, but the books were not recovered and Plaintiff was not credited the $34.25 for their return.  He also names Deborah Denham, current FCI-Englewood warden, as a Defendant, but fails to make any allegations against her.  He asserts that he filed a claim pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and was offered a settlement of $34.25 but has yet to be reimbursed.  On the basis of these allegations, he contends his First Amendment rights have been violated.

As his second claim, he asserts that Defendant, Richard W. Scott of the Office of Regional Counsel, who handled his FTCA claim and offered him $34.25 in full settlement, has yet to provide him with the funds, even though Plaintiff completed and submitted the "Judgment Fund Voucher for Payment."  He also names Mr. Garcia and Ms. Denham as Defendants, but fails to allege any facts indicating their involvement in the failure to reimburse him.  On the basis of the allegations in his second claim, Plaintiff contends his Fourteenth Amendment due process rights were violated,

2

apparently because he has not yet received the property to which he believes he is entitled, i.e., the $34.25.

The FTCA allows the United States to be sued for claims arising out of negligent or wrongful acts or omissions of its employees, when such employees are acting within the scope of their duties. 28 U.S.C. § 1346(b)(1). In *Bivens*, the Supreme Court held that an injured plaintiff may bring a cause of action for damages against federal officers based upon violations of the plaintiff's constitutional rights. *Bivens*, 403 U.S. at 395-97.

"[T]he FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilkie*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress:  1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted). Accordingly, a plaintiff can pursue a *Bivens* action against a federal official in his individual capacity and an FTCA claim against the United States arising out of the same subject matter, but a judgment against the United States under the FTCA precludes recovery against the federal employee under *Bivens*. *Engle*, 24 F.3d at 135 ("Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes 'a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission gave rise to the claim.' ") (quoting § 2676); *see also Trentadue v. United States*, 397 F.3d 840, 858-59 (10th Cir. 2005) (concluding that district court was required to vacate

3

*Bivens* judgment where court later entered judgment on FTCA claims arising out of the same subject matter, pursuant to § 2676).  In the amended Prisoner Complaint he will be directed to file, Plaintiff should clarify whether he has received the $34.25 judgment against the United States under the FTCA.

Since Plaintiff desires to raise First and Fourteenth Amendment claims under *Bivens*, he must explain in the amended Prisoner Complaint (1) what each defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated.  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff fails to do so in each of his asserted claims, relying instead on the attachments to the Prisoner Complaint and requiring the Court and Defendants to piece together his allegations based upon those attachments.

Plaintiff also must assert personal participation by each named defendant in the alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent

4

responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 (*Bivens*) suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.  Plaintiff fails to allege clearly the personal participation of each named Defendant in each claim.

Finally, the amended Prisoner Complaint Mr. Williams will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand

for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Williams fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim.  Generally, Mr. Williams fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

It is Mr. Williams' responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Williams must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  The Court does not require a long, chronological recitation of facts.  Nor should the Court or defendants be required to sift through Mr. Williams' allegations and attachments to determine the heart of each claim.

6

Accordingly, It is

ORDERED that Plaintiff, Shirocco Marquise Williams, file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with this order.  It is

FURTHER ORDERED that Plaintiff shall obtain a copy of the Court-approved Prisoner Complaint form, along with the applicable instructions (with the assistance of his case manager or the facility's legal assistant), at www.cod.uscourt.gov, and use that form in submitting the amended Prisoner Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an amended Prisoner Complaint that complies with this order within the time allowed, some claims against some Defendants, or the entire Prisoner Complaint and action, may be dismissed without further notice.  It is

FURTHER ORDERED that the motion for partial summary judgment (ECF No. 6) that Plaintiff filed on October 9, 2014, is denied as premature.  It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) filed on August 13, 2014, is denied as moot because Plaintiff paid the $400.00 filing fee.

DATED December 23, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____
GORDON P. GALLAGHER
United States Magistrate Judge