IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02256-GPG

SHIROCCO MARQUISE WILLIAMS,

    Plaintiff,

v.

RENE GARCIA,
DEBORAH DENHAM,
MR. CURRAN,
RICHARD W. SCH[OTT], and
MR. TUCKER,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Shirocco Marquise Williams, was in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution at Englewood (FCI-Englewood) at the time he initiated this action. He now resides in Omaha, Nebraska. Mr. Williams filed a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

    On December 23, 2014, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because Plaintiff failed to allege the personal participation of each named Defendant in a deprivation of his constitutional rights. Further, it appeared that Plaintiff was seeking *Bivens* relief for the same conduct that was the subject of a Federal Tort Claims Act (FTCA) claim. Magistrate Judge Gallagher ordered Plaintiff to file an Amended Complaint, within thirty (30) days of the December 23 Order (ECF No. 9), addressing these issues.

In a January 28, 2015 minute order, Magistrate Judge Gallagher extended Plaintiff's deadline to file an Amended Complaint to February 28, 2015 (ECF No. 12). Mr. Williams was warned in the December 23, 2014 Order and in the January 28, 2015 minute order that failure to file an amended complaint by the court-ordered deadline may result in dismissal of this action without further notice.

Mr. Williams did not file an amended complaint, nor has he communicated with the Court since January 2015. This action is now subject to dismissal without prejudice, pursuant to Fed. R. Civ. P. 41(b), for Plaintiff's failure to comply with a Court order and to prosecute this action. However, the Court recognizes that the statute of limitations for Plaintiff's First Amendment *Bivens* claims may have elapsed,[1] which would render the dismissal prejudicial. *See Gocolay v. N.M. Fed. Sav. & Loan, Ass'n,* 968 F.2d 1017, 1021 (10th Cir. 1992) (recognizing that a dismissal without prejudice operates as a dismissal with prejudice where the statute of limitations has expired on the plaintiff's claims); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F3d 1158 (10th Cir. 2007) (instructing that if district court dismisses a complaint with prejudice pursuant to Fed. R. Civ. P. 41(b), court must apply factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (hereinafter "*Ehrenhaus* factors"). Rather than apply the *Ehrenhaus* factors to determine whether dismissal of this action is appropriate pursuant to Fed. R. Civ. P. 41(b), the Court will consider the allegations of the Complaint to determine whether Plaintiff has stated an arguable claim for relief against any of the Defendants.

---

[1] The statute of limitations for a *Bivens* action arising in Colorado is two years. *See Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968-69, and n. 4 (10th Cir. 1994).

Because Mr. Williams was a prisoner when he initiated this action and paid the $400.00 filing fee, the Court reviews his Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A(b)(1), the Court is required to dismiss the Complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Williams is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed, in part, and the remainder drawn to a presiding judge and, if applicable, to a magistrate judge.

**I. The Complaint**

Mr. Williams alleges in the Complaint that on October 5, 2012, the FCI-Englewood mail room staff received three paperback books sent to Plaintiff from an outside publisher, titled "Letters to Penthouse" and "Stella Does Hollywood, Black" – which Plaintiff was allowed to possess. (ECF No. 1, at 8, 16). On March 18, 2013, Plaintiff ordered five paperback books from the same publisher, at a total cost of $34.25, which were rejected by Defendant Garcia, the former FCI-Englewood Warden. (*Id.*). The books were titled "Letters to Penthouse," "Stella Does Hollywood, Black," and "Penthouse Uncensored." (*Id.* at 8, 17). Defendant Garcia informed the Plaintiff and the publisher, in writing, on April 2, 2013, that the five books had been rejected because

the material was sexually explicit or featured nudity, and were being returned to the publisher. (*Id.* at 8, 18, 19). Plaintiff asserts that the books do not contain sexually explicit material and should not have been returned to the publisher. (*Id.* at 8, 10). According to Mr. Williams, his request for a $34.25 refund was rejected by the publisher on the basis that the returned books had never been received. Defendant Curran, an FCI-Englewood mail room clerk, submitted a mail recovery center search request to the United States Postal Service, but the books were never found. (*Id.* at 8, 20).

Mr. Williams alleges in the Complaint that he filed an administrative tort claim with the BOP and was offered $34.25 to settle the claim by Defendant Schott of the Office of Regional Counsel (ECF No. 1, at 22, 35). Plaintiff states that he has not received the settlement monies, even though he completed and submitted the "Judgment Fund Voucher for Payment" more than six months ago. (*Id.* at 11).

Mr. Williams claims that Defendants Garcia and Denham violated his First Amendment free speech rights and that Defendant Schott violate his Fifth Amendment due process rights because he never received the $34.25 settlement. For relief, Mr. Williams seeks monetary damages against the Defendants in the amount of $300,000.

## II. Analysis

### A. First Amendment Claim

Plaintiff claims that his First Amendment free speech rights were violated when Defendant Garcia, the former FCI-Englewood Warden, informed him that his incoming publications had been rejected on the basis that they contained explicitly sexual material or nudity.

Since 1979, BOP regulations have prohibited inmates from receiving sexually

explicit materials deemed potentially detrimental to security, good order, or discipline, such as materials depicting sadomasochism, bestiality, or involving children. *See* 28 C.F.R. §§ 540.70–540.71. In 1996, Congress enacted the Ensign Amendment further prohibiting the BOP from using funds "to distribute or make available. . . to a prisoner" any commercially published information or material that "is sexually explicit or features nudity," as follows:

> None of the funds made available in this Act to the Federal Bureau of Prisons may be used to distribute or make available any commercially published information or material to a prisoner when it is made known to the federal official having authority to obligate or expend such funds that such information or material is sexually explicit or features nudity.

Pub. L. No. 104-208, § 614, 110 Stat. 3009 (Sept. 30, 1996) (codified at 28 U.S.C. § 530C(b)(6)). In response to the Ensign Amendment, the BOP enacted Program Statement Number 5266.07 and regulations in 28 C.F.R. § 540.72. Section 540.72 defines the Ensign Amendment's terms, such as "nudity," "features," and "sexually explicit." § 540.72(b)(1)-(4). Section 540.72 also explains the BOP's process for returning prohibited materials and for notifying the sender, publisher, and inmate of that action. § 540.72(a).

Plaintiff alleges that his incoming publications were rejected pursuant to the BOP's regulations implementing the Ensign Amendment. He claims that the Amendment and regulations, as applied to him, violated his First Amendment rights. Mr. Williams does not challenge the facial validity of the Ensign Amendment or the BOP's implementing regulations.

A prison official's regulation of access to publications is valid if it is reasonably related to legitimate penological interests. *Thornburgh v. Abbott*, 490 U.S. 401, 413

(1989).  The court must consider and balance the following factors in making this determination: (1) "whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right would have on guards and other inmates, and on the allocation of prison resources generally"; and (4) whether ready alternatives exist. *Turner v. Safley*, 482 U.S. 78, 90 (1987) (internal quotations omitted).

The administrative remedy response attached to the Complaint states that the paperback books were rejected because they contain "sexually explicit stories."  (ECF No. 1, at 26).  Plaintiff contends that the materials did not contain nudity and were not sexually explicit, as that term is defined in the applicable BOP regulations.  (*Id.* at 10, 25).  Although the titles of the books certainly suggest that they could contain sexually explicit material, the Court cannot make a definitive determination under *Turner v. Safley* based solely on the Complaint, especially in light of Plaintiff's allegations that he was allowed to receive books of the same title six months earlier.

The Court finds that the allegations of the Complaint arguably show the personal participation of Defendant Garcia in a deprivation of Plaintiff's First Amendment rights. However, the Complaint does not allege any facts to show that Defendant Denham, the current Warden, or Defendants Curran and Tucker, were personally involved in rejecting Plaintiff's incoming publications.

Plaintiff was warned in the December 23 Order that personal participation is an essential element of a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 (*Bivens*) suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Plaintiff does not allege any facts upon which to hold Defendants Denham, Curran and Tucker liable under *Bivens* for a violation of his First Amendment rights. Accordingly, those Defendants are improper parties to this action and will be dismissed.

    **B. Due Process claim**

Plaintiff alleges that Defendant Schott, the BOP official who handled his administrative tort claim, offered Plaintiff a $34.25 settlement for the lost books, but has failed to compensate Plaintiff, even though Plaintiff completed and submitted the "Judgment Fund Voucher for Payment." Plaintiff also alleges that he could not obtain a refund of the cost of the books from the publisher because the books were never received by the publisher.  Plaintiff asserts that the loss of the value of the books and the failure to compensate him for the same, violated his Fifth Amendment due process rights.

As an initial matter, to the extent the disappearance of the rejected books in the United States mail was the result of negligent conduct by the FCI-Englewood mail room clerks, there is no Constitutional concern. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property.") (Emphasis in the original).  Further, even if intentional misconduct was involved, Mr. Williams cannot pursue a due process claim unless he was deprived of an administrative remedy for the loss of the books.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  The BOP Administrative Remedy Program allows inmates to seek formal review of an issue relating to any aspect of his or her confinement. *See* 28 C.F.R. §§ 542.10 through 542.19. The BOP also has an administrative tort claims procedure whereby a federal inmate may file a claim with regard to his damaged or lost property. *See* 28 C.F.R. §§ 543.30 through 543.32.  Mr. Williams does not allege that these procedures were unavailable to him. To the contrary, the allegations in his Complaint and the attachments thereto reveal that he availed himself both of the BOP Administrative

8

Remedy Program and the BOP's administrative tort claims procedure. As a result, Plaintiff fails to state an arguable due process claim under *Bivens*. *See, e.g.*, *Jones v. Federal Bureau of Prisons*, 2013 WL 5300721, at *12 (E.D.N.Y. Sept. 19, 2013) (citing several cases in which the courts have recognized that the BOP's administrative remedy procedure and administrative tort claims procedure are adequate to preclude a *Bivens* claim for a due process violation).

### C. Negligence claim

It is not clear from the Complaint whether Plaintiff is attempting to assert a claim for negligent loss of his property, pursuant to the FTCA. He does not name the United States as a Defendant. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1274, n.4 (10th Cir. 2001) ("The United States is the only proper defendant in an FTCA action"); *see also* 28 U.S.C. §§ 1346, 2674.

The FTCA provides that the exclusive remedy for a suit claiming damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" is a suit against the United States. 28 U.S.C. § 2679(b)(1). In certain cases arising out of torts committed by federal employees, the United States has waived its sovereign immunity. 28 U.S.C. § 1346(b)(1). However, § 2680(c) provides that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of . . .the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." The Supreme Court has held that the exception in § 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property by any . . . law enforcement officers," including BOP officers. *Ali v.*

*Federal Bureau of Prisons,* 552 U.S. 214, 228 (2008).   Section 2680(c) "applies where a prisoner alleges that defendant prison officials detained his personal property and mailed it outside the prison."  *Hatten v. White,* 275 F.3d 1208, 1210 (10th Cir. 2002). Accordingly, this Court lacks jurisdiction over a purported FTCA claim.

Moreover, the BOP treated Plaintiff's administrative claim as arising under 31 U.S.C. § 3723,[2] rather than as a claim under the FTCA, and offered him a $34.25 settlement for the full value of the lost books.  (ECF No. 1, at 35).  The "administrative remedy" provided by 31 U.S.C. § 3723 is the only relief authorized by Congress for prisoners whose property is wrongfully detained.  *See Ali,* 552 U.S. at 228.  An agency's decision under § 3723 is not subject to judicial review.  *See Edkins v. United States*, No. 13-cv-14421, 2015 WL 871587, at *14 (E.D.Mich. Feb. 27, 2015) (collecting cases); *Hoskins v. Craig*, No. 11-296-GPM, 2013 WL 675734, at *3 (S.D. Ill. Feb. 25, 2013). Accordingly, if Plaintiff has yet to receive the settlement payment, his remedy is with the BOP, not in this Court.

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Williams' First Amendment *Bivens* claim against Defendant Garcia does not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if applicable, to a magistrate judge.  *See* D.C.COLO.LCivR 8.1(c).

**III. Orders**

For the reasons set forth above, it is

---

[2] Under 31 U.S.C. § 3723(a)(1), federal agencies have authority to settle certain "claim[s] for not more than $1,000 for damage to, or loss of, privately owned property that ... is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment."

ORDERED that the Fifth Amendment due process claim is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A.

FURTHER ORDERED that to the extent the Complaint can be construed liberally to assert an FTCA claim against the Defendants in their official capacities, the claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. It is

FURTHER ORDERED that Defendants Denham, Curran, Schott, and Tucker are DISMISSED from this action. It is

FURTHER ORDERED that Applicant's First Amendment free speech claim, under *Bivens*, asserted against Defendant Garcia, shall be drawn to a presiding judge and, if applicable, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED April 14, 2015, at Denver, Colorado.

                                    BY THE COURT:


                                      s/Lewis T. Babcock
                                    LEWIS T. BABCOCK, Senior Judge
                                    United States District Court