IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02256-KLM

SHIROCCO MARQUISE WILLIAMS,

    Plaintiff,

v.

RENE GARCIA,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order** [#21][1] issued on October 13, 2015. The Order was premised on the fact that Rene Garcia, the only named Defendant in this case, had not been served with the Summons and Complaint [#1] in this action and, therefore, was not a proper party.

    Plaintiff, who proceeds as a pro se litigant, filed this civil action on August 13, 2014, against Rene Garcia, who is now a former employee of the Federal Bureau of Prisons (the "BOP"). On April 15, 2015, the BOP was served with a copy of the Complaint, Summons, and various other documents that had been filed in this matter. *See* [#17]. On October 9, 2015, the BOP filed a Waiver of Service of Summons indicating that it could not waive and accept service on behalf of Rene Garcia because he is no longer employed by the BOP

---

[1] [#21] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

and the BOP therefore does not have authority to waive service on his behalf. *See* [#20]. No forwarding address was provided.

When Plaintiff initiated this lawsuit, he was incarcerated by the BOP. However, he paid the $400.00 filing fee and was not permitted to proceed in forma pauperis. *See* [#5, #9]. Since that time, Plaintiff has been released from custody. *See* [#10]. Accordingly, because Plaintiff does not proceed in forma pauperis and because Plaintiff is no longer incarcerated, the Court informed him that it is his responsibility to obtain service of the Complaint and Summons on Rene Garcia. *Order* [#21]. The Court ordered Plaintiff to file proof of service of the Complaint and Summons on Rene Garcia on or before November 13, 2015. Plaintiff was warned that "[f]ailure to respond to this Order and demonstrate service on Rene Garcia will result in this Court issuing a recommendation to dismiss Plaintiff's action for failure to prosecute." *Order* [#21] at 2.

Pursuant to Fed. R. Civ. P. 4(m), the deadline for service on Rene Garcia has now expired. Moreover, Plaintiff failed to respond to the Order [#21]. There is no indication on the docket that he did not receive the Order [#21]. He has not requested an extension of time in which to serve Rene Garcia. At this stage therefore, it is clear that Plaintiff either cannot demonstrate service on Rene Garcia or else has no further desire to pursue this lawsuit.

Although the Court may extend the time for a plaintiff to serve a defendant even without a showing of good cause, *Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir.1995), the Court is not inclined to do so here. The case against Rene Garcia has been pending since August 2014. Plaintiff failed to effect service of Rene Garcia and failed to provide good cause for the Court to find that an opportunity exists to cure the service

deficiency in the future. Further, Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the unserved defendant. *See generally Raeth v. Bank One*, 05-cv-02644-WDM-BNB, 2008 WL 410596, at *3 & n. 4 (D. Colo. Feb. 13, 2008).

Plaintiff has failed to meaningfully participate in his case. Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that the court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding pro se, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A.     Prejudice to Defendants

From a review of the case file, the Court finds no prejudice to any Defendant. Indeed, as discussed above, no Defendant has been served. Accordingly, this factor is neutral.

### B.     Interference with the Judicial Process

I conclude that Plaintiff's failure to prosecute his case necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003). Plaintiff's failure to contact the Court or put himself in a position to comply with Court Orders evidences lack of respect for the Court and the judicial process. In particular, Plaintiff's neglect has caused me and my staff to expend unnecessary time and effort. The Court's frequent review of the case file and issuance of this Recommendation increase the workload of the Court and take its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-

cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

###    C.    Culpability of Plaintiff

Plaintiff has, without providing any excuse, ignored his case responsibilities and failed to move his case forward. In short, he has simply chosen not to participate. As a voluntary pro se litigant, it is solely Plaintiff's responsibility to ensure that he complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Considering the history of this case, it appears that Plaintiff's failure has been willful, and that he is therefore responsible for his own noncompliance. This factor weighs in favor of dismissal.

###    D.    Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court that he risked dismissal of his case if he failed to move the case forward or to comply with Court Orders. *Order* [#21]. Accordingly, it should be no surprise to Plaintiff that his failure to prosecute this case could result in the sanction of dismissal. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's effort to advise Plaintiff of the potential for dismissal does not prevent this result. *See Lynn*, 2006 WL 2850273, at *7 (noting that warnings in prior cases were sufficient to put plaintiff on notice).

###    E.    Efficacy of a Lesser Sanction

Finally, I conclude that no sanction less than dismissal would be effective. Although Plaintiff is proceeding pro se, that does not excuse his neglect here. *See Green*, 969 F.2d at 917. In addition, given that Plaintiff has not been in contact with the Court since

December 31, 2014, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's misconduct.  Considering the history of the case, it is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims.  Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

### IV.  Conclusion

I respectfully **RECOMMEND** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

This case was assigned to a United States Magistrate Judge pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges [#16] (the "Pilot Program").  Filing of the Consent Form is mandatory, indicating either the unanimous consent of the parties or that consent has been declined." *Id.* at 3.  However, the consent form has not been filed.  Accordingly,

IT IS HEREBY **ORDERED** that this case shall be assigned to a District Judge under D.C.COLO.LCivR 40.1(a).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 27, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge